UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-01369-SPG(AS) | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Joaquin Diaz v. Martin Gamboa, Warden* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY AND NONCOGNIZABLE/UNEXHAUSTED**

On February 9, 2025, Joaquin Diaz ("Petitioner"), a California inmate proceeding <u>pro se</u>, constructively filed in the United States District Court for the Eastern District of California a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Dkt. 1). On February 18, 2025, the matter was transferred to this Court because the Petition challenges a sentence in Los Angeles County Superior Court Case No. PA086423 (the "LASC Case"). (Dkt. 2).

The Abstract of Judgment in the LASC Case filed with the Petition indicates the following: On June 22, 2017, Petitioner pled no contest to three counts including one count of committing lewd acts on a child under age 14 by force which occurred in 2009 (Cal. Penal Code § 288(b)). (Dkt. 1 at 18).[1] On July 7, 2017, the trial court sentenced Petitioner to 37 years in prison (<u>i.e.</u>, an upper term sentence of ten years on the Section 288(b) count, plus 17 years on the remaining two counts). (Dkt. 1 at 18-19).

The Petition purports to raise two grounds for relief: (1) Petitioner alleges that he put the California Supreme Court on notice that his sentence is illegal by writ of habeas corpus which the California Supreme Court denied; and (2) Petitioner's sentence to an upper term of ten years on the Section 288(b) count is not authorized because the statutory upper term punishment for a Section 288(b) offense at the time of commission in 2009 was eight years. (Dkt. 1 at 5-7 (referencing Petitioner's habeas petition filed with the California Supreme Court); <u>see also</u> Cal. Penal Code § 288(b) (eff. 2009) (providing for upper term sentence of eight years); Cal. Penal Code § 288(b) (eff. 2017) (providing for upper term sentence of ten years at the time of sentencing).

As relief, Petitioner requests that this Court "ask the state supreme court to respond the same way of [<u>In re Vaquera</u>, 15 Cal. 5th 706 (2024)]." (Dkt. 1 at 15). In <u>Vaquera</u>, the California Supreme Court

---

[1]   The Court refers to the pages of the Petition by the ECF page numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-01369-SPG(AS) | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Joaquin Diaz  v. Martin Gamboa, Warden* | | |

vacated Vaquera's 25-to-life sentence and ordered resentencing to 15 years to life, finding the information in that case violated due process because it did not give Vaquera fair notice that the prosecution would be seeking a 25-to-life sentence. Vaquera, 15 Cal. 5th at 726-28.

Petitioner's case is similar to Vaquera, in that the California Department of Corrections and Rehabilitation ("CDCR") sent a letter to the trial court in both cases inquiring about the sentence imposed, and suggesting error.  See Dkt. 1 at 17 (CDCR letter to the trial court dated June 20, 2018, advising that the Abstract of Judgment may be in error since the effective upper term sentence under § 288(b) at the time of the crime was eight years, and asking for trial court review to determine if correction was required). In Vaquera, the trial court held a hearing and declined to resentence Vaquera, which Vaquera subsequently challenged via state habeas proceedings, see Vaquera, 15 Cal. 5th at 715-16.  However, it appears that the trial court in Petitioner's case did not respond to the CDCR letter. (Dkt. 1 at 24).

Petitioner constructively filed a habeas petition challenging his sentence with the California Supreme Court on August 27, 2024, which that Court denied without comment on December 31, 2024. (Dkt. 1 at 29-37).  Petitioner then commenced this action.

* * *

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has screened the Petition. Rule 4 requires a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

It appears that the Petition may be untimely and may be raising only claims of error under state sentencing law that are not cognizable on federal habeas review. If Petitioner is intending to raise a federal claim in these proceedings, he may not have fairly presented any federal claim to the California Supreme Court as required before proceeding with this Court. For these reasons, the Court is ordering Petitioner to show cause why the Petition should not be dismissed.

A.      **The Petition Appears Untimely**

   1.   **Petitioner Filed His Petition After the Applicable Statute of Limitations Expired**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." Wall v. Kholi, 562 U.S. 545, 550 (2011); 28 U.S.C. § 2244(d)(1). State prisoners generally must file their habeas petitions within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-01369-SPG(AS) | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Joaquin Diaz  v. Martin Gamboa, Warden* | | |

Here, Petitioner did not seek direct review of his conviction and sentence. (Dkt. 1 at 2). Because Petitioner did not appeal, his conviction became final on September 5, 2017 – sixty days after entry of judgment on July 7, 2017. See Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Cal. R. Ct. 8.308(a) (appeal from criminal judgment must be filed within sixty days after judgment). Therefore, under § 2244(d)(1), absent an alternate start date to AEDPA's limitations period under § 2244(d)(1)(B), (C) or (D), or sufficient statutory or equitable tolling, the statute of limitations expired one-year later, on September 5, 2018, more than six years before the Petition was filed.

**2. Alternate Start Date to the Limitations Period**

Section 2244(d)(1) sets forth three alternate possible starting dates (other than § 2244(d)(1)(A)) for the commencement of the running of the statute of limitations.  Those other possible dates are: (1) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (2) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or (3) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

Section 2241(d)(1)(B) does not provide an alternate start date to the limitations period.  Petitioner does not allege, and the record does not show, that any illegal conduct by the state or those acting for the state "made it impossible for him to file a timely § 2254 petition in federal court." See Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009).

Section 2244(d)(1)(C) is also inapplicable. Petitioner does not assert a claim based on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See Dodd v. United States, 545 U.S. 353, 360 (2005) (construing identical language in § 2255 as expressing "clear" congressional intent that delayed accrual is inapplicable unless the United States Supreme Court itself has made the new rule retroactive). To the extent Petitioner may suggest he is entitled to a later accrual date based on In re Vaquera, 15 Cal. 5th 706 (2024), he is not entitled to a later accrual because this is not a United States Supreme Court case.

Section 2244(d)(1)(D) also does not appear to furnish an accrual date later than September 5, 2017, for Petitioner's claims. Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (citations and internal quotation marks omitted). Section 2244(d)(1)(D) does not require the maximum feasible diligence, but it does require reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-01369-SPG(AS) | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Joaquin Diaz  v. Martin Gamboa, Warden* | | |

diligence in the circumstances. Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir.), cert. denied, 568 U.S. 1053 (2012). Section 2244(d)(1) (D) applies "only if vital facts could not have been known by the date the appellate process ended." Ford, 683 F.3d at 1235 (citations omitted) (internal quotation marks omitted). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006).

Here, Petitioner knew or should have known, no later than the date on which he was sentenced, the "vital facts" underlying his sentencing claim (namely, that he was being sentenced to an upper term of ten years for his Section 288(b) count). Petitioner may argue that he did not know the legal significance of being sentenced to ten years on the Section 288(b) count until he received a copy of the June 20, 2018 CDCR letter to the trial court questioning his Abstract of Judgment. However, even assuming a later statute of limitations accrual date of June 20, 2018, the Petition would still be untimely by more than five years.

### 3. Statutory Tolling Does Not Render the Petition Timely

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Allen v. Siebert, 552 U.S. 3, 4 (2007) (per curiam) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010). The statute of limitations is tolled only while a petitioner is properly pursuing state post-conviction relief. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (application "pending" as long as ordinary state collateral review process continues – i.e., until completion of that process; application remains "pending" until it has achieved final resolution through state's post-conviction procedures); Harris v. Carter, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008) (statute of limitations tolled for all of time during which state prisoner attempting, through proper use of state court procedures, to exhaust state court remedies with regard to particular post-conviction application).

Here, Petitioner constructively filed his only state habeas petition on August 27, 2024, at least five years after the limitations period expired. A petition for state post-conviction or other collateral review filed after the conclusion of the limitations period cannot reinitiate the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing of state habeas petition "well after the AEDPA statute of limitations ended" does not affect the limitations bar); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Petitioner therefore is not entitled to any statutory tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-01369-SPG(AS) | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Joaquin Diaz  v. Martin Gamboa, Warden* | | |

**4. Petitioner Has Not Demonstrated He is Entitled to Equitable Tolling**

AEDPA's limitations period may be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S. 631, 649 (2010). "[T]he threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Petitioner bears the burden to prove equitable tolling. See Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009). He must show that an "external force" caused the untimeliness, rather than mere "oversight, miscalculation or negligence on [Petitioner's] part." Waldron-Ramsey, 556 F.3d at 1011 (citation omitted); see also Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 257 (2016) ("[The] second prong of [Holland]'s equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." (emphasis omitted)); Smith v. Davis, 953 F.3d 582, 600 (9th Cir. 2020) ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."). Petitioner has not alleged any entitlement to equitable tolling.

For all the foregoing reasons, it appears that the Petition is untimely.

**B.  Petitioner's Claims May Be Asserting Only Error Under State Sentencing Law Not Cognizable on Federal Habeas Review or May Be Raising a Federal Claim Not Fairly Presented to the California Supreme Court**

Although the Court is not certain it fully understands Petitioner's arguments, it appears that Petitioner's claims are that he is serving an unauthorized sentence under California state law. A state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Any claim of error under state sentencing law is not cognizable in these proceedings.

It is not clear from the Petition whether Petitioner is asserting a violation of any federal rights as would be appropriate for this Court's review. The Ex Post Facto Clause, U.S. Const. art. I, § 10, cl. 1, "prohibits states from enacting any law that changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed." Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir.), cert. denied, 537 U.S. 859 (2002) (citation and internal quotation marks omitted); see also In re Estrada, 63 Cal.2d 740, 747 & 751 n.1 (1965) (noting "well settled" law that when statute in existence at the time a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-01369-SPG(AS) | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Joaquin Diaz  v. Martin Gamboa, Warden* | | |

crime is committed is amended to increase punishment, defendant cannot be punished under the new law since to do so would violate ex post facto principles).

If Petitioner is intending to assert an ex post facto claim because he was sentenced to a higher upper term based on an amendment to Section 288(b) after Petitioner committed his crime and before sentencing, it is not clear that he raised such a claim with the state courts to exhaust it. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. . ., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (citations and internal quotation marks omitted). Petitioner's state habeas petition discussed In re Vaquera and Cunningham v. California (see Dkt. 1 at 31-35), neither of which involve an alleged ex post facto violation or appear to apply to any issues in this case. See In re Vaquera, 15 Cal. 5th 706 (2024) (concerning fair notice of possible sentence); Cunningham v. California, 549 U.S. 270 (2007) (concerning the right to a jury trial for facts justifying imposing an upper term sentence).

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts in order to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). "To fairly present a federal claim, a state prisoner must present to the state courts both the operative facts and the federal legal theories that animate the claim." Arrendondo v. Neven, 763 F.3d 1122, 1138 (9th Cir. 2014); Gulbrandson v. Ryan, 738 F.3d 976, 992 (9th Cir. 2013). Petitioner "must have 'characterized the claims he raised specifically as federal claims.'" Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005); see also Duncan v. Henry, 513 U.S. at 366 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). To do so, "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation." Castillo, 399 F.3d at 999. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Castillo, 399 F.3d at 999 (citation omitted); Gray v. Netherland, 518 U.S. 152, 163 (1996). "Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim." Castillo, 399 F.3d at 999; Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). It does not appear from the Court's review of the state habeas petition in this case that Petitioner fairly presented a federal claim to the California Supreme Court.

For the foregoing reasons, it is not clear whether the Petition is asserting anything more than state law error as necessary for federal habeas corpus review, or whether Petitioner has exhausted any potential claim of federal error by presentation to the state courts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-01369-SPG(AS) | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Joaquin Diaz  v. Martin Gamboa, Warden* | | |

**C.      Order to Show Cause**

Rather than dismiss the action under Rule 4, the Court will give Petitioner an opportunity to explain how his action is timely under AEDPA and how he is a asserting an exhausted federal claim. **Petitioner is directed to submit a supplemental statement to the Court (not to exceed 10 pages excluding attachments) by or before July 21, 2025**.  If Petitioner argues that he is entitled to equitable tolling of the AEDPA limitations period, he should explain this claim and submit evidence (in the form of sworn declarations and copies of relevant documentation) with his statement. Alternatively, Petitioner may decide to voluntarily dismiss the federal petition if he believes that he is unable to lawfully obtain relief in this Court.

Failure to submit a timely response to this Order may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

\* \* \*

The Court directs the Clerk to serve the petition and supporting materials on the California Attorney General.  The assigned Deputy Attorney General will file a notice of appearance within 14 days. However, **no response from the Attorney General will be required** until further notice from the Court.

**IT IS SO ORDERED.**

00:00
AF